GRASSELLI CHEMICAL CO. v. ÆTNA EXPLOSIVES CO., Inc.

(District Court, M. D. Pennsylvania. May Term, 1917.)

No. 247.

1. INJUNCTION ⬤118(4)—SUIT FOR INJUNCTION—PLEADING.
   A petition by receivers of a corporation for an injunction to restrain the payee of a note of the corporation, to which petitioners allege they have a complete set-off, and his agent, from transferring certain bonds held by them as collateral, *held* sufficiently specific as to the ownership of the note, the agency of the second defendant, and the alleged set-off.

2. EQUITY ⬤302—PLEADING—ALLEGATIONS BY WAY OF RECITAL.
   An allegation of an essential fact in a bill in equity by way of recital, but in such form that the existence of the fact appears by necessary implication, is good as against a motion to dismiss.

In Equity. Suit by the Grasselli Chemical Company against the Ætna Explosives Company, Incorporated. On motion to dismiss petition of George C. Halt and others, ancillary receivers of the Ætna Explosives Company, Incorporated, for injunction against Ferdinand L. Belin and the First National Bank of Scranton. Motion denied.

Winthrop & Stimson, of New York City, and J. Fred Schaffer, of Sunbury, Pa., for receivers.

John P. Kelly and Welles, Stocker & Torrey, all of Scranton, Pa., for respondents.

WITMER, District Judge. [1] On the petition of George C. Holt, Benjamin B. Odell, and Charles A. Snyder, ancillary receivers of the Ætna Explosives Company, Incorporated, a rule was granted on Ferdinand L. Belin and the First National Bank of Scranton, Pa., to show cause why an injunction should not issue restraining them from selling or otherwise disposing of $150,000 of bonds of the Ætna Explosives Company, Incorporated, held as collateral upon a note for $100,000

wherein the Ætna Company is the maker and Ferdinand L. Belin the payee. The rule was returnable December 10th; meantime a temporary injunction was allowed, which is now in force. The bank, having answered, made also a motion to dismiss the petition on the ground of insufficiency. Under well-settled rules of pleading, the effect of the motion to dismiss is an admission of the truth of all facts well pleaded in the petition.

It is the contention of the petitioners that Belin or the bank, as agent for him, has possession of the collateral, which is liable to be transferred to the loss of the company, which has a substantial and complete set-off to the note for which the collateral was pledged. This, respondent contends, does not sufficiently appear from the petition. The petition sets forth that: ·

"Your petitioners are informed and believe, and therefore allege, that the said Belin or his agents, among them the First National Bank of Scranton, Pa., still hold said note and said collateral. Said Belin has filed his claim on said note under order of the court made in this proceeding requiring claims against Ætna Explosives Company, Incorporated, to be so filed."

It was contended by counsel in supporting their motion that this allegation is not sufficiently specific; that it does not disclose in what special capacity as agent the bank held the note for Belin. How this can be important at this time does not make much of an impression, in the face of the averment that "Belin or his agents," specifying the bank as one of them, "still hold said note and said collateral." The charge here that Belin yet owns and holds the note and its collateral is clear, distinct, and unequivocal. This is followed and further on supported by the allegation that the "said Belin has filed his claim" therefor. No other reasonable inference can be drawn, from the language employed, than that the petition charges Belin with being the owner and in possession of the note, even if that did not appear clearly and unequivocally alleged.

[2] The petitioners are entitled to the benefit of all inference to be drawn from the language employed by them in stating their case. Though it might be said that the latter part of the allegation quoted is mere recital, nevertheless the petitioners are entitled to the benefit thereof. As was said in Investor Pub. Co. v. Dobinson (C. C.) 72 Fed. 603:

"An allegation of an essential fact in a bill in equity, by way of recital, but in such form that the existence of the fact appears by necessary implication, is good as against a general demurrer."

Being satisfied that it may be clearly and fairly gathered from paragraph 1 of the petition that Belin is as yet the owner of the note and the collateral the court is not disposed to dismiss the petition because it does not disclose the bank's special agency for him.

Objection is also made that there is a paucity of facts set forth in the second paragraph of the petition claiming a legitimate and substantial set-off against Belin's note. This court may at least take judicial notice of its own records, which discloses the magnitude of the receivership, its many plants, and exceptionally large operation. The assets mount into the millions. Having this also in mind the petitioners aver:.

"In the investigation which your petitioners have made of the affairs of the Ætna Explosives Company, Incorporated, your petitioners have lately ascertained that the said Ferdinand L. Belin is, in the opinion of your petitioners, indebted to the Ætna Explosives Company, Incorporated, to an amount greater than the sum of one hundred thousand ($100,000.00) dollars, the face value of the said note held by the said Ferdinand L. Belin, and that the cause of action on said indebtedness is a cause of action in equity. Accordingly your petitioners are about to ask leave of this court to institute suit in equity against said Belin in this court for the collection of the said indebtedness due to said Ætna Explosives Company, Incorporated, from said Belin."

Using due diligence, as the magnitude of the business and assets of the Ætna Corporation demand, the receivers have lately ascertained as they allege—i. e., lately learned with certainty—that the said Belin, in their opinion, is indebted to the company in excess of $100,000, the principal sum of the note held by him. They then aver that the cause of action for the collection of the money is in equity. It is true that they do not here attempt to set forth the specific facts required in a bill in equity to warrant a recovery, but such is not here required. They are not attempting in this proceeding to set off this indebtedness against Belin's note. All that they are attempting here is to make such a showing as to justify the court's inquiry regarding the company's alleged set-off to Belin's note, though it rises out of equity. It is not doubted that if Belin held this note, without collateral, and he should press for judgment thereof by some appropriate action, the receivers of the Ætna Company in such action could set up their equitable counterclaim alleged against Belin to defeat his recovery. North Chicago Rolling Mill Co. v. St. Louis Ore & Steel Co., 152 U. S. 596, 615, 14 Sup. Ct. 710, 38 L. Ed. 565. And if this be admitted it follows that reversing the parties will not defeat the same result in effect. The crucial point in the case is whether Belin is still the owner of the note? If he is, he should not be permitted to sell the collateral and waste the funds of the receivership, when at the same time it is charged that he is indebted to the receivers' company far in excess of the amount due him on the note. Of course, if it should appear upon hearing on the petition and answer that the note passed out of his possession for value before maturity, other questions would arise, which require no attention here. After careful consideration the court has reached the conclusion that this case should come up on petition and answer.

The motion to dismiss is therefore denied.